UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                             CASE NO.

**RAD J. SAVOIE**                                                      **13-11663**
                                                                                          SECTION A
DEBTOR                                                                           CHAPTER 13

## REASONS FOR DECISION

This matter is before the Court pursuant to a motion to extend the deadline to object to debtor's discharge or to challenge the dischargeability of certain debts (P-27) filed by counsel, Richard A. Thalheim, Jr. ("Thalheim"), on behalf of creditor, Danny Joseph Gray ("Gray"). The following facts are undisputed.

    1) On December 2, 2004, Gray, represented by Thalheim, obtained a Judgment in the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana ("17th JDC") against debtor, Rad J. Savoie ("Savoie") in the amount of $136,504.28, together with legal interest and costs.[1]

    2) On April 16, 2013, Thalheim, on behalf of Gray, filed in the 17th JDC a Judgment Debtor Rule against Savoie which was set for June 17, 2013.[2]

    3) On June 14, 2013, Savoie filed a voluntary petition for relief under Title 11, Chapter 13 of the Bankruptcy Code.[3] On that same date, Thalheim was faxed notification of Savoie's bankruptcy filing and informed "that the Judgment Debtor Rule is stayed by order of the Bankruptcy Court."[4]

    4) On June 19, 2013, Thalheim received notification of the bankruptcy filing deadlines, including, that the deadline to file a proof of claim was October 22, 2013, and that **the deadline to object to Savoie's discharge or to challenge the dischargeability of certain debts ("the dischargeability deadline") was**

---

[1] Pleading 27, pp. 8-9.

[2] Pleading 43, pp. 6-8.

[3] Pleading 1.

[4] Pleading 43, p. 3.

**September 23, 2013**.[5]

5) In accordance with the specified deadline, Thalheim, on October 22, 2013, filed on Gray's behalf a Proof of Claim specifying that the basis of the claim is "judgment for personal injuries," i.e., the 17th JDC Judgment.[6] Thalheim did not, within the specified deadline of September 23, 2013, file on Gray's behalf an objection to dischargeability.

Because the instant motion was filed after the expiration of the September 23, 2013 deadline, the motion may be granted only if "the failure to act was the result of excusable neglect."[7] In support of the instant motion to have the dischargeability deadline extended, Thalheim does not contend that he was not notified of Savoie's bankruptcy filing and the attendant filing deadlines.[8] Instead, Thalheim asserts that Gray was not notified of the bankruptcy proceeding and, as such, is entitled to an extension of the deadline to object to Savoie's discharge or to challenge the dischargeability of certain debts.

In Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,[9] the Court specifically rejected the notion that a creditor could not be penalized for the omissions of counsel.[10] The inquiry, for purposes of determining whether an extension should be granted, is

---

[5] Pleading 12.

[6] Proof of Claim 8-1

[7] Federal Rule of Bankruptcy Procedure 9006(b)(1).

[8] Indeed, it was Thalheim's representation of Gray in the 17th JDC proceeding, specifically, his filing of a Judgment Debtor Rule, which led to the June 14, 2013 bankruptcy filing and its corresponding stay of the June 17, 2013 Judgment Debtor Rule.

[9] Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 396 (1993).

[10] In Pioneer, counsel failed to timely file proofs of claim on behalf of creditors.

2

whether *counsel* "did all he reasonably could to comply with the court-ordered bar date."[11] The Court provided: "[I]n determining whether [creditors'] failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of [creditors] *and their counsel* was excusable."[12]

Thalheim suggests that Gray is blameless in failing to timely file an objection to Savoie's discharge or a challenge to dischargeability because Gray had no knowledge of the bankruptcy proceeding, much less of the filing deadline. However, Thalheim was clearly noticed of the deadline. It is also worth noting that Thalheim filed a proof of claim on Savoie's behalf within the bar date. Thalheim's knowledge in this regard is imputed to Gray.[13]

Accordingly, the Court finds that Gray's failure to timely file an objection to Savoie's discharge or to challenge the dischargeability of certain debts was *not* the result of excusable neglect.



Therefore, the instant motion is **DENIED**.

---

[11]*Id.*

[12]*Id.* at 397 (emphasis original). *See also In Re Northwest Airlines Corp.*, 2010 WL 502837, *2 (Bankr. S.D. N.Y. Feb. 9, 2010) (neglect to timely file proof of claim not excusable as a result of counsel's failure to advise that creditor was required to file claim; claimant held accountable for acts and omissions of attorney).

[13]Although extraneous to this holding, since the Court finds disingenuous Thalheim's claim that he never informed Gray of the bankruptcy proceeding. Thalheim represented Gray in connection with a suit filed against Savoie in state court. Judgment was taken against Savoie and Thalheim began collection proceedings after the expiration of suspensive delays. Specifically, Thalheim filed a Judgment Debtor Rule on April 16, 2013, which was scheduled for June 17, 2013. As a direct result of Thalheim's collection efforts on behalf of his client, Savoie filed bankruptcy and the Judgment Debtor Rule was stayed. Thalheim's alleged failure to inform his client of Savoie's bankruptcy is particularly incredible in light of the fact that the bankruptcy filing was prompted by the Judgment Debtor Rule against Savoie and its stay.

New Orleans, Louisiana, January 16, 2014.

                                      Hon. Elizabeth W. Magner
                                      U.S. Bankruptcy Judge